IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL LYNN CASH | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv714 |
| GARY JOHNSON, ET AL. | § | |

MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael Lynn Cash, an inmate confined at the Allred Unit, proceeding *pro se*, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against Gary Johnson, Warden Jenkins, Sergeant McKinney, Sergeant Jackson, and Correctional Officer Jackson.

The court heretofore referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed for failing to exhaust administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the court concludes plaintiff's objections are without merit.

The United States Court of Appeals for the Fifth Circuit has taken a strict approach to the exhaustion requirement set forth in 42 U.S.C. § 1997(e). *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003).[1] Exhaustion is not simply a matter of filing grievances through each level of the process without regard for the rules for form and timeliness. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). An inmate is also required to follow the rules established by his institution for filing grievances. *Id.* "Any other approach would allow a prisoner to 'exhaust' ... remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem -- or reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner." *Id.*

In this case, plaintiff never filed a Step Two grievance. Plaintiff claims he did not receive a response to his initial Step One grievance, and did not pursue his Step Two remedies. Following the report in this case, plaintiff attempted to exhaust the administrative grievance procedure after the lawsuit was filed. Prison officials, however, rejected plaintiff's grievance as untimely. Once again, plaintiff did not pursue his Step Two remedies. Plaintiff's failure to file his grievances in compliance with prison regulations requires the court to find he did not

---

[1] For example, in *Richardson v. Spurlock*, 260 F.3d 495 (5th Cir. 2001), the court affirmed the dismissal of a prisoner's civil rights lawsuit for failure to exhaust administrative remedies because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal."

properly exhaust his administrative remedies. *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002).[2] The above-styled action should therefore be dismissed.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **22** day of **July, 2005.**

_____
Ron Clark, United States District Judge

---

[2] In *Pozo*, *supra*, and *Lewis*, the inmate filed his initial grievance properly, but did not file his administrative appeal in a timely manner. In each case, the United States Court of Appeals for the Seventh Circuit concluded the inmate's attempt to exhaust his administrative remedies was insufficient.

In an unpublished opinion, the Fifth Circuit tool a similar approach. In *Trevino v. Herrera*, No. 02-40864 (5th Cir. Feb. 20, 2003), the Fifth Circuit, citing *Harper v. Jenkins*, 179 F.3d 1131 (11th Cir. 1999), held that a prisoner whose grievances were rejected as untimely had not sufficiently exhausted his administrative remedies.

3